WHITE & AL. vs. NOLAND.

WHITE & AL.
*vs.*
NOLAN.

If a contract be not obligatory when entered into, a change in the law cannot make it so.

The *allegata* and *probata* must agree.

APPEAL from the court of the fourth district.

PORTER, J. delivered the opinion of the court. The defendant is sued as the endorser of two promissory notes, he pleaded the general issue; there was judgment against him and he appealed.

Part of the sum for which these notes are payable, is expressed in figures. They bear date the months of June and November, 1823, a period at which there was an act of the legislature of this state in force, which declared that no note should *be obligatory, or admissible in evidence* unless the sum of money mentioned or specified therein to be due or payable, be expressed in words at full length. That statute has since been repealed. But if the notes were not obligatory at the time they were given, a subsequent change in the law cannot make them so. *Acts of* 1823, 36, *acts of* 1825, 58.

There has been a great diversity of opinion in the profession, as to the true construction of the law just referred to. Some contend that the note or obligation is good so far as it is written in words at full length, and that the part ex-

pressed in figures must be rejected as surplu-
sage. Others insist it is void in toto, and is not
admissible in evidence. The question has not
been settled by judicial determination. All
however agree that the part expressed in fi-
gures, is, as if it were not written, and makes no
part of the obligation.

Such was the decision of this court in the
case of *Pilié* vs. *Mollere.* We have then in the
present case notes declared on, different from
those offered in evidence, and the question is
whether the judge erred in admitting them We
think he did; the question is precisely the same
as that decided in the case just referred, where
the subject was gone into at full length. *Vol.*
2, 666.

The judge *a quo* in deciding the case against
the defendant, took a distinction between the
maker and endorser, and considered the latter
responsible, on the ground that he put in cir-
culation a note as the representative value of
the sum mentioned therein, making it good for
that sum, in case it should not appear to be va-
lid against the drawer. This distinction can-
not receive our assent. The endorser of a
promissory note, does not by the act of en-
dorsement, alter or enlarge its legal effect. He

East'n. District.
*June* 1825.

WHITE & AL.
*vs.*
NOLAN.

is considered as the drawer of a bill. 12 *Martin*, 184, 2 *Phillip. on Ev.* 10, 17, 41. If the part of the sum expressed in figures is to be considered not written as to the maker, so must it as to the endorser, whose obligation cannot extend beyond the sum for which the note appears on the face of it to be binding on the maker, or in other words, the sum legally expressed in the instrument.

On the whole it appears to us the court erred in permitting the notes offered in evidence to be received, for they did not correspond with those declared on. The petition states two notes, one for $284 30, the other for $295 66, these offered had no cents expressed in them except in figures, which we are bound to consider as not written.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant as in case of non suit, with costs in both courts.

*Preston* for the defendant.